**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**YSMARIE RIVERA,** on behalf of herself and all others similarly situated,

Plaintiff,

**-v.-**

**NVIDIA CORPORATION,**

Defendant.

-------------------------------------------------------------x

Case No. ___________

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff **YSMARIE RIVERA** ("Plaintiff" or "Ms. Rivera") individually and on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through her undersigned counsel, **Robert Schonfeld, Esq.** of JOSEPH & NORINSBERG, LLC, brings this action against Defendant, **NVIDIA CORPORATION,** ("**NVIDIA**" or "Defendant"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., the New York Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-100 *et seq*., arising from Defendant's failure to ensure that its ecommerce Website, www.nvidia.com is accessible to blind and visually impaired individuals.

## INTRODUCTION

1. Plaintiff, **YSMARIE RIVERA** ("Plaintiff" or "Ms. Rivera"), is a resident of Bronx County and is permanently disabled due to legal blindness in both eyes with no light perception. As documented by her treating ophthalmologist, Dr. Vinayak Mishra, in a New York State Commission for the Blind certification dated September 10, 2025**,** Plaintiff presents with complete bilateral blindness **caused by** diabetic retinopathy, leaving her unable to visually interpret digital interfaces, read standard print, recognize faces, or navigate websites. Dr. Mishra confirms that Plaintiff meets the federal and New York State criteria for legal blindness and requires full accommodations afforded to individuals who are blind. *"Blindness in both eyes; no light perception… All other*

*diseases: Diabetic Retinopathy."(see* **Ex. A***)*

2. As a blind consumer, Plaintiff relies exclusively on screen-reading software — including **JAWS** and **NVDA** — together with keyboard-only navigation to browse websites, read product information, compare options, and complete online purchases. Screen-reading software converts digital content into synthesized speech or refreshable Braille. For this technology to function, websites must be properly coded with meaningful alternative text, descriptive link text, programmatically determinable labels, logical heading structure, keyboard-accessible navigation, and properly implemented ARIA markup. When websites fail to incorporate these requirements, screen readers cannot accurately interpret or communicate the website's content, rendering the site inaccessible to blind users.

3. Millions of Americans live with significant visual impairments, including more than two million who are legally blind. In New York alone, hundreds of thousands of residents are blind or visually impaired. Congress enacted the Americans with Disabilities Act ("ADA") to eliminate discrimination against individuals with disabilities and to ensure full integration, independent living, and equal opportunity. These protections extend to digital spaces. The U.S. Department of Justice has repeatedly affirmed that Title III of the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web, and that businesses must ensure their websites are accessible to blind and visually impaired individuals.

4. Defendant, **NVIDIA CORPORATION**, is an international technology company headquartered in Santa Clara, California. Defendant owns, operates, and controls the ecommerce Website **www.nvidia.com**, through which it sells graphics cards, gaming laptops, desktops, and related technology products to consumers nationwide, including residents of New York. For blind consumers such as Plaintiff Rivera, Defendant's Website is the only means of independently accessing detailed product descriptions, specifications, pricing information, and other essential

details necessary to make informed purchasing decisions.

5. Equal access to ecommerce platforms is critical for blind and visually impaired individuals. The internet has become an indispensable tool for modern life, serving as a primary means of shopping, banking, learning, communicating, and accessing essential goods and services. When websites are not designed to be compatible with screen-reading software, blind users are excluded from the digital marketplace and denied the independence and equal access that sighted users take for granted.

6. The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.1, which establish internationally recognized standards for accessible website design. These guidelines are widely adopted by private entities, government agencies, and public institutions to ensure that digital content is accessible to blind and visually impaired users. Compliance with WCAG 2.1 is readily achievable and necessary to provide equal access under the ADA.

7. Defendant's Website is not designed, constructed, maintained, or operated in a manner that is compatible with screen-reading software. As documented in Plaintiff's declarations to counsel and via independent accessibility audits — including **WAVE**, **SortSite**, and broken-link validation reports — www.nvidia.com contains thousands of accessibility barriers, such as:

- **Missing alternative text** on product images (WAVE: "Missing alternative text")
- **Missing form labels** and **empty links/buttons** (WAVE: "Missing form label," "Empty link")
- **Autoplaying videos without pause controls** (SortSite: WCAG 2.1 A 2.2.2)
- **Broken links** with empty href attributes across more than 2,100 pages (Broken Link Report: "href="… 1732 pages")

-  **Duplicate IDs**, **inaccessible ARIA roles**, **keyboard traps**, and **non-descriptive link text** (SortSite: WCAG 2.1 A F63, F68, F77)
-  **Untagged PDFs**, inaccessible tables, and improperly nested markup (SortSite: WCAG 2.1 A F65, F91, 4.1.1)

These barriers prevent blind and visually impaired individuals — including Plaintiff — from independently navigating Defendant's Website, accessing product information, selecting items, or completing purchases. Exhibit B

8. Plaintiff attempted to access Defendant's Website on **three occasions beginning September 1, 2026** — specifically **September 1, 2026**, **September 18, 2026**, and **October 7, 2026** — to research and purchase two products that appear in the WAVE audits and are appropriate for a blind consumer seeking accessible computing hardware:

**ASUS TUF Gaming A16 – FA608UM-NS73** laptop

**iBUYPOWER Slate 8 MESH – SMA7N5701** gaming desktop

On each visit, Plaintiff attempted to review product specifications, compare features, and complete a purchase. However, missing alt text, unlabeled buttons, inaccessible dynamic elements, broken links, and improperly structured ARIA markup prevented her from independently accessing essential information or completing any transaction. *"1 X Missing alternative text… 4 X Missing form label… 1 X Empty link…" "Broken Link — href="… 1732 pages."*

9. Plaintiff brings this civil action on behalf of herself, and all others similarly situated to challenge Defendant's ongoing operation of an inaccessible Website in violation of Title III of the ADA, 42 U.S.C. § 12181 et seq., the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiff seeks declaratory and injunctive relief requiring Defendant to remediate its Website, adopt accessibility policies, and ensure ongoing compliance with WCAG 2.1

so that blind and visually impaired individuals may independently access the goods and services Defendant offers online.

**JURISDICTION & VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

11. This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal ADA claims.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Bronx County which is within this District, and accessed Defendant's website from within this District, and experienced the discriminatory barriers alleged herein in this District. Courts in this Circuit have repeatedly held that venue is proper where the plaintiff experiences the discriminatory denial of access to a website. See, *Velazquez v. Don Roberto Jewelers, Inc.*, No. 1:22-cv-05049 (S.D.N.Y. 2023) (Ramos, J.) (venue proper where plaintiff encountered website barriers in the district); see also *Romero v. 88 Acres Foods, Inc.,* 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022).

13. Defendant **NVIDIA Corporation** is subject to personal jurisdiction in this District because it purposefully directs business activities toward New York consumers through its highly interactive ecommerce website, **www.nvidia.com**, which allows users to browse inventory, review product information, create accounts, download drivers, and complete purchases. Defendant ships products directly to New York residents, including those in Bronx County, and derives substantial revenue from sales to consumers in this State. Courts in this Circuit have consistently held that operators of nationwide ecommerce websites are subject to personal jurisdiction in New York when

they purposefully avail themselves of the privilege of conducting business here. See *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018).

14. The United States Department of Justice has repeatedly confirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web. The DOJ's Guidance on Web Accessibility and the ADA states that the ADA's requirements apply to all services offered by public accommodations, including those offered online

15. This Court is empowered to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

16. Plaintiff **YSMARIE RIVERA** ("Plaintiff" or "Rivera") is, and at all relevant times was, a resident of **Bronx County, New York**. Ms. Rivera is **legally blind** and a member of the protected class of individuals under the Americans with Disabilities Act, 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the protections afforded under New York State and New York City law. As confirmed by her treating ophthalmologist, **Dr. Vinayak Mishra**, in a New York State Commission for the Blind certification dated **September 10, 2025**, Ms. Rivera suffers from **complete bilateral blindness with no light perception**, caused by **diabetic retinopathy**. Dr. Mishra reports that Plaintiff meets both federal and state criteria for legal blindness and that her condition is permanent, severely limiting her ability to visually interpret digital interfaces, printed text, or any visual content. *"Blindness in both eyes; no light perception… All other diseases: Diabetic Retinopathy."*

17. Plaintiff is a proficient user of screen-reader technology, including **JAWS** and **NVDA**, and relies exclusively on keyboard navigation and properly coded digital interfaces to browse, understand, and interact with websites. Because she cannot visually interpret printed or

digital information without assistive technology, Ms. Rivera depends on businesses to design, construct, and maintain their websites in a manner that is compatible with screen-reading software. Proper semantic structure, meaningful alternative text, programmatically determinable labels, descriptive link text, logical heading hierarchy, and keyboard-accessible navigation are essential for her to independently access digital content.

18. Defendant **NVIDIA CORPORATION** is a multinational technology company headquartered in **Santa Clara, California**, organized under the laws of the State of Delaware, and registered to do business throughout the United States, including New York. Defendant owns, operates, and controls the commercial website **www.nvidia.com**, through which it markets, displays, and sells graphics cards, gaming laptops, desktops, AI-enabled hardware, software, drivers, and related technology products to consumers nationwide, including residents of New York. Defendant is a place of public accommodation within the meaning of **42 U.S.C. § 12181(7)(E)** as a "sales establishment," and its Website serves as an extension and integral component of Defendant's nationwide retail operations. At all times relevant to this action, Defendant has had actual and constructive knowledge of its obligations under the ADA and WCAG 2.1 standards.

## NATURE OF ACTION

19. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendant's Website using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its Website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

20. The Internet has become a vital source of information and a primary tool for

conducting everyday activities such as shopping, learning, banking, researching, and communicating — for sighted, blind, and visually impaired individuals alike.

21. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

22. Users of Windows-enabled computers have access to several screen-reading programs, including Job Access With Speech ("JAWS"), which is commercially available, and NonVisual Desktop Access ("NVDA"), which is open-source. These tools are indispensable for blind users and represent the only means by which they can independently navigate the Internet.

23. Plaintiff, **YSMARIE RIVERA** is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYSHRL, NYCHRL, and NYCRL. To access the Internet, Plaintiff re23. For screen-reading software to function, website content must be capable of being rendered into text. If the underlying code fails to support this conversion, blind users are unable to access the same content available to sighted users. Screen-reading software translates the visual internet into an auditory equivalent, reading page content, announcing links, buttons, headings, labels, and other interface elements so the user can navigate through keyboard commands.

24. The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.0 and 2.1, which establish internationally recognized standards for digital accessibility. These guidelines are widely adopted by private entities and

government agencies, including the U.S. Department of Justice, and have been recognized by courts as the appropriate benchmark for ADA compliance.

25. Non-compliant websites pose recurring barriers to blind and visually impaired users. Common violations include, but are not limited to:

a. Missing text equivalents for non-text elements (e.g., product images without alternative text);

b. Unlabeled frames and navigation regions;

c. Scripts without accessible alternatives;

d. Inaccessible forms and input fields;

e. Content conveyed solely through visual presentation;

f. Inability to resize text without loss of functionality;

g. Time limits that cannot be adjusted or disabled;

h. Missing or ambiguous page titles and headings;

i. Links lacking descriptive context;

j. Keyboard focus indicators that are not discernible;

k. Undetectable default language settings;

l. Components that trigger unexpected context changes;

m. Settings that alter context without user notice;

n. Input fields lacking labels or instructions;

o. Improperly nested markup, duplicate attributes, and non-unique IDs;

p. Inaccessible PDF files;

q. User interface elements whose roles and states cannot be programmatically determined; and/or

r. Empty buttons, empty links, and unlabeled interactive controls that prevent a screen reader user from independently navigating and completing a transaction.

## STATEMENT OF FACTS

26. Plaintiff Ysmarie Rivera is a legally blind consumer residing at 2021 Grand Concourse, Apartment 1B, Bronx, New York 10453. As documented in her Report of Legal Blindness issued by ophthalmologist Dr. Vinayak Mishra on September 10, 2025, Ms. Rivera has blindness in both eyes with no light perception caused by diabetic retinopathy. Her condition is permanent, non-reversible, and eliminates all functional vision.(*see* **Ex. A**)

27. Because she has no light perception, Ms. Rivera cannot visually inspect products in stores, cannot read packaging, and cannot compare technical specifications without properly coded digital interfaces. She relies exclusively on NVDA and JAWS screen-reading software and keyboard-only navigation to browse websites, understand product information, and complete online purchases.

28. Ms. Rivera uses her computer as her primary interface with the world. She depends on it for online banking, telehealth appointments, prescription management, government benefit portals, communication, and daily administrative tasks. These activities require a stable, modern computer capable of running multiple accessibility applications simultaneously, including screen readers, OCR tools, document-scanning software, AI-based image description programs, and speech-recognition tools.

29. Ms. Rivera sought to purchase a new computer system directly from NVIDIA because NVIDIA is the manufacturer of the RTX-series graphics hardware and proprietary software ecosystem she relies on. NVIDIA's website is the exclusive platform where consumers can purchase NVIDIA-certified systems, download required drivers and firmware, access NVIDIA Broadcast and RTX Voice, and register products for warranty and support. These services are not available through

third-party retailers.

30. Ms. Rivera specifically sought to purchase two NVIDIA-certified systems that appeared in the accessibility audits she reviewed: the ASUS TUF Gaming A16 and the iBUYPOWER Slate 8 MESH. She selected these systems because they contain modern processors, ample memory, and stable components capable of running her accessibility tools without lag or interruption. She did not seek these systems for gaming purposes, but because they were among the few prebuilt configurations offered through NVIDIA's website that met her performance and stability needs.

31. Ms. Rivera also sought to purchase a high-resolution monitor offered through NVIDIA's website because she relies on sighted family members to assist her with certain tasks. A high-resolution display enables those assistants to read small text, navigate complex interfaces, and help her configure accessibility software.

32. On September 1, 2026, Ms. Rivera visited www.nvidia.com with the concrete intent to purchase the ASUS TUF Gaming A16, the iBUYPOWER Slate 8 MESH, and a compatible high-resolution monitor. She attempted to review product descriptions, evaluate whether the processor, memory, and storage were adequate for her accessibility software, confirm compatibility with her existing tools, and proceed to add these items to her cart and complete the transaction.

33. While navigating Defendant's website using her screen reader, Ms. Rivera encountered multiple accessibility barriers that prevented her from performing these tasks. Product images lacked meaningful alternative text, causing her screen reader to announce only placeholders such as "image" or "graphic" that conveyed no information about the product. Buttons and links were empty or unlabeled, causing her screen reader to announce "button" or "link" without indicating their purpose. Interactive controls, including configuration selectors and purchase-related elements, lacked programmatically determinable labels, making it impossible for her to select

options or move toward checkout.

34. Because of these barriers, Ms. Rivera could not determine whether the systems' processors, memory, and storage were adequate for her accessibility software; could not confirm whether the monitor's resolution and contrast capabilities would support magnification and high-contrast modes for assisting family members; and could not activate the controls necessary to add the items to her cart or complete the purchase. She left the website without completing her intended transactions.

35. On September 18, 2026, Ms. Rivera returned to www.nvidia.com to reattempt the same purchases and to determine whether the barriers she previously encountered had been corrected. During this second visit, she again attempted to review the same product pages, understand their accessibility-related features, identify configuration options, and move toward adding the items to her cart.

36. The accessibility barriers persisted. Ms. Rivera again encountered missing alternative text, empty buttons, empty links, missing form labels, and broken ARIA references. Her screen reader could not announce available configurations, pricing, product descriptions, or interactive controls. She again could not independently complete the transaction.

37. On October 7, 2026, Ms. Rivera returned to the website for a third time, intending to reattempt access to both product pages and to browse additional NVIDIA-certified systems. She attempted to use Defendant's homepage to identify and navigate additional product categories of interest.

38. The accessibility barriers extended to the homepage. Images, buttons, links, and navigation elements lacked proper accessible labels, alternative text, and structural coding. Ms. Rivera could not efficiently determine which product categories were available, navigate to relevant collections, understand promotional content, or independently explore Defendant's offerings.

39. The accessibility barriers Ms. Rivera encountered were not temporary or isolated glitches, but part of a page-wide and site-wide pattern of non-compliance with generally accepted accessibility standards, including WCAG 2.1 Level A and AA principles.

40. As a result of these accessibility barriers, Ms. Rivera was denied full and equal access to Defendant's website and was unable to independently complete the purchases she specifically intended to make. She left the website without completing her transactions and without any accessible means of obtaining an equivalent shopping experience.

41. Ms. Rivera remains highly motivated to return to www.nvidia.com once the website is made accessible. Her intent to return is grounded in specific, concrete facts: she previously visited NVIDIA's website with the intent to purchase particular computer systems and a monitor; she attempted to perform specific commercial tasks, including reviewing product specifications, evaluating accessibility-related performance, selecting configurations, and proceeding toward checkout; and she continues to need these products to run her accessibility tools and manage her daily life as a blind person living with diabetes.

## CLASS ACTION ALLEGATIONS

42. Plaintiff **YSMARIE RIVERA** brings this action on behalf of herself, and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a nationwide class consisting of:

> All legally blind individuals in the United States who have attempted to access www.nvidia.com and, as a result of Defendant's failure to design, construct, maintain, and operate the Website in an accessible manner, were denied equal access to the goods, services, and information offered thereon.

43. Plaintiff also seeks certification of a New York subclass consisting of:

> All legally blind individuals residing in the State of New York, who have attempted to access

www.nvidia.com and were denied equal access to the goods, services, and information offered thereon.

44. The members of the Class and Subclass are so numerous that joinder of all members is impracticable. Defendant operates a nationwide ecommerce platform and markets its products to consumers throughout the United States. Upon information and belief, thousands of blind and visually impaired individuals have attempted to access www.nvidia.com and have been denied equal access due to the systemic accessibility barriers confirmed by Sort Site & WAVE audits, and by Plaintiff's declarations, which corroborates the automated audit results and confirms that Defendant's Website contains pervasive WCAG 2.1 Level A and AA violations — including missing alternative text, empty buttons, empty links, missing form labels, broken ARIA references, inaccessible focus indicators, and nonsemantic navigation elements — that uniformly impact blind users across multiple pages and multiple visits. These barriers are not isolated anomalies but reflect a site-wide pattern of non-compliance that affects all blind consumers who attempt to access Defendant's Website, www.nvidia.com thereby rendering the Class and Subclass sufficiently numerous for certification.

45. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members. These common questions include, but are not limited to:

- Whether Defendant's Website contains accessibility barriers that prevent blind individuals from accessing its goods and services;
- Whether Defendant's failure to make its Website accessible violates Title III of the ADA;
- Whether Defendant's failure to maintain accessible digital content violates New York State and New York City disability rights laws;

- Whether Defendant's conduct constitutes ongoing discrimination against blind consumers; and
- Whether injunctive relief is warranted to require Defendant to bring its Website into compliance with WCAG 2.1.

46. Plaintiff's claims are typical of the claims of the Class and Subclass because Plaintiff, like all members of the Class, is legally blind, uses screenreading software, and was denied equal access to Defendant's Website due to the same systemic accessibility barriers identified in the SortSite and WAVE reports.

47. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has retained counsel experienced in ADA litigation, class actions, and digital accessibility matters.

48. Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, making final injunctive relief appropriate with respect to the Class as a whole. Defendant continues to operate an inaccessible Website without any policy, plan, or practice to ensure accessibility, thereby subjecting all blind users to the same discriminatory barriers.

49. Certification under Rule 23(b)(2) is appropriate because Defendant has failed to design, construct, maintain, and operate its Website in compliance with WCAG 2.1, and because Defendant's actions apply generally to all blind individuals who attempt to use the Website. Declaratory and injunctive relief is the only appropriate remedy to ensure equal access for Plaintiff and the Class.

## FIRST CAUSE OF ACTION
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

50. Plaintiff, **YSMARIE RIVERA**, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

51. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

52. Defendant's Website, www.nvidia.com is a service of a place of public accommodation and a digital gateway through which Defendant offers goods, services, privileges, and advantages to the general public. As such, the Website must be equally accessible to all consumers, including blind and visually impaired individuals who rely on screen-reading technology.

53. Defendant has failed to design, construct, maintain, and operate its website in a manner that is fully accessible to blind and visually impaired individuals, in violation of Title III of the ADA and its implementing regulations.

54. Defendant's website contains numerous accessibility barriers—including missing alternative text, broken ARIA references, unlabeled buttons, inaccessible pop-ups, improper heading structure, and aria-hidden focusable content—that prevent blind users from perceiving, navigating, and interacting with the website.

55. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

56. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities,

> privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

57. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, www.nvidia.com has not been provided services that are provided to other patrons who are not disabled; and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, as the violations are ongoing. Upon information and belief, Defendant has received prior notice of these accessibility anomalies through consumer complaints, automated audit findings, and industry-standard compliance tools. Despite this notice, Defendant has failed to implement WCAG-compliant remediation, demonstrating a pattern of disregard for its obligations under federal law. Under the case law of this District, Defendant's actions constitute a practice and are systemic and have a disparate impact on persons with disabilities.

58. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and

incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(New York State Human Rights Law)**
**("NYSHRL")**

59. Plaintiff, **YSMARIE RIVERA,** on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

60. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

61. Plaintiff, at all times relevant to this action, as a result of her loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

62. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, www.nvidia.com within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

63. Plaintiff has visited the Website, www.nvidia.com on a number of occasions and has encountered barriers to his access that exist.

64. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

65. Discrimination includes the refusal to adopt and implement reasonable

modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

66. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

67. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

68. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the

blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

69. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

70. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

71. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

72. Plaintiff repeats and realleges every allegation contained in the foregoing paragraphs as if fully set forth herein.

73. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes Defendant denies, that Defendant's website contains access barriers denying blind customers full and equal access to the products, services, and facilities offered through the website.

74. A judicial declaration is necessary and appropriate at this time so that the parties may know their respective rights and duties and act accordingly.

## THIRD CAUSE OF ACTION
**(Violation of New York State Civil Rights Law)**
**("NYCRL")**

75. Plaintiff, **YSMARIE RIVERA,** on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

76. Plaintiff served notice thereof upon the New York State Attorney General, as

required by N.Y. Civil Rights Law § 41. (Notice to Attorney General)

77. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

78. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

79. § 292 of Article 15 of the N.Y. Executive Law deems a disability, a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

80. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website, www.nvidia.com is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

81. Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

82. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

83. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars

nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id..*.

84. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

85. Plaintiff, **YSMARIE RIVERA.** on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

86. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

87. Defendant is subject to NYCHRL because it owns and operates the Website, www.nvidia.com making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

88. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

89. Defendant is required to "make reasonable accommodation to the needs of persons

with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

90. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

91. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

92. As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

93. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

94. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

95. Plaintiff is also entitled to reasonable attorneys' fees and costs.

96. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
**(Declaratory Relief)**

97. Plaintiff, **YSMARIE RIVERA**, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

98. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

99. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

- A preliminary and permanent injunction prohibiting Defendant from violating Title III of the ADA, 42 U.S.C. § 12182 et seq.;

- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make www.nvidia.com fully accessible to and usable by blind and visually impaired individuals, including through adoption and maintenance of WCAG-conforming accessibility measures;
- A declaration that Defendant owns, maintains, controls, and/or operates its website in a manner that discriminates against blind individuals and fails to provide equal access as required by law;
- An order certifying the proposed Class and New York Subclass under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative, and appointing counsel as Class Counsel;
- An award of costs, litigation expenses, and reasonable attorneys' fees to the fullest extent permitted by law; and
- Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
October 20, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com